UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

PATRICIA WASHINGTON,

    Plaintiff,

v.

SPRINGFIELD COLLEGE,

    Defendant.

04-30129-MAP

COMPLAINT
and
DEMAND FOR JURY

FILING FEE PAID:
RECEIPT # 30566 9
AMOUNT $ 150.00
BY DPTY CLK _____
DATE 7/9/04

## INTRODUCTION

1. Plaintiff Patricia Washington ("Ms. Washington") brings this action for equitable relief and compensatory and punitive damages against Defendant Springfield College under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination for discriminatory and retaliatory actions and omissions against her on the basis of her race and because she has opposed practices forbidden under those statutes and filed a complaint of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and Equal Employment Opportunity Commission ("EEOC").

2. Ms. Washington seeks equitable relief designed to assure that the defendant discontinues policies and practices which serve to foster discrimination and retaliation against minority employees. She also seeks compensation for the grave harm she has suffered and continues to suffer as a result of the illegal actions and omissions of the defendant.

## JURISDICTION AND VENUE

3. This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 2000e-5(g), as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) (3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampden in the Commonwealth of Massachusetts, the plaintiff resides in the County of Hampden in the Commonwealth of Massachusetts, the defendant conducts business and has substantial business contacts in the Commonwealth of Massachusetts.

## PARTIES

5. Plaintiff Patricia Washington is an African American woman and a citizen of the United States who resides in Springfield, MA.

6. Defendant Springfield College is a private college located on Alden Street, Springfield, MA 01103.

7. Defendant is a "person" within the meaning of M.G.L. c.151B, § 1.

8. Defendant employs 6 or more employees, and is an "employer" within the meaning of M.G.L. c. 151B, § 1.

9. Defendant is a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(a).

10. Defendant is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

11. All conditions precedent under M.G.L. ch. 151B and Title VII have occurred or been complied with:

   a. Charges alleging discrimination by the defendant on the basis of Ms. Washington's race and retaliation were filed with the MCAD and EEOC within 300 days of the discriminatory and retaliatory actions alleged in the charge.

   b. Ms. Washington received a Notification of Rights regarding her EEOC charges.

   c. This complaint has been filed within three years of the last discriminatory and retaliatory act alleged in Ms. Washington's MCAD charge.

   d. This complaint has been filed within 90 days of receipt of the EEOC's Notification of Rights.

## STATEMENT OF FACTS

12. Ms. Washington was employed as a part-time administrative assistant in Defendant's Occupational Therapy Department.

13. Ms. Washington was demoted to that position from the position of full-time administrative assistant in the same department.

14. Defendant told Ms. Washington that she was being demoted due to a lessening workload due to declining enrollment in the Occupational Therapy Department.

15. Thereafter, two white work study students assumed Ms. Washington's duties and worked almost a full time schedule.

16. As a result, Ms. Washington reasonably believed the reason for her demotion was discrimination and she dual filed a Charge of Discrimination with the MCAD and EEOC.

17. That Complaint was served on Defendant on or around July 23, 2003.

18. After Defendant became aware that Ms. Washington had filed a complaint with the MCAD and EEOC, she experienced increased scrutiny by her supervisor.

19. Ms. Washington complained to Mary Dunn, the Director of Human Resources, about the retaliatory behavior.

20. On or around September 15, 2003, Ms. Washington was called to a meeting with Ms. Post and Ms. Dunn.

21. At that meeting, Ms. Washington was informed that on September 10, 2003, Ms. Washington failed to attend a meeting that she had reported to her supervisor that she intended to attend.

22. At that same September 15, 2003 meeting, Ms. Washington offered the names of several people who attended the September 10, 2003 meeting who witnessed her attendance at that meeting.

23. Upon information and belief, none of the individuals whose names Ms. Washington offered were ever interviewed by Defendant.

24. On or around September 17, 2003, Defendant terminated Ms. Washington's employment.

25. The primary reason given for her termination was that she failed to attend the September 10, 2003 meeting.

26. This reason was a pretext and the real reason was retaliation for opposing what Ms. Washington reasonably believed was Defendant's discriminatory practices and for filing a complaint of discrimination with the MCAD and EEOC.

27. The discriminatory and retaliatory termination has had a negative impact upon Ms. Washington. It has caused me to lose pay, benefits and perquisites of her employment and has caused her emotional distress.

## FIRST CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3

28. Plaintiff Patricia Washington repeats the allegations set forth in paragraphs 1 through 27 above, and incorporates those allegations as if fully set forth herein.

29. The Defendant retaliated against Ms. Washington for opposing the Defendant's discriminatory practices, in violation of 42 U.S.C. § 2000e-3.

30. The discriminatory actions and omissions of the Defendant has caused, continue to cause and will cause Ms. Washington to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## SECOND CLAIM FOR RELIEF:
### RETALIATION IN VIOLATION OF M.G.L. c. 151B, § 4(4)

31. Plaintiff Patricia Washington repeats the allegations set forth in paragraphs 1 through 30 above, and incorporates those allegations as if fully set forth herein.

32. The Defendant retaliated against Ms. Washington for opposing the Defendant's discriminatory practices, in violation of M.G.L. c. 151B, § 4(4).

33. The discriminatory actions and omissions of the Defendant have caused, continue to cause and will cause Ms. Washington to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## PRAYER FOR RELIEF

Plaintiff Patricia Washington prays the Court to grant her the following relief:

1. That Plaintiff be awarded appropriate injunctive relief designed to ensure that the Defendant discontinues its discriminatory practices.

2. That Plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter.

3. That Plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4. That Plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5. That Plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff Patricia Washington demands trial by jury on all triable issues.

Respectfully submitted,

PATRICIA WASHINGTON
By her Attorney,

Dated: July 9, 2004

Suzanne Garrow BBO# 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988