UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                       )   CIVIL ACTION NO. 04-30129-MAP
**PATRICIA WASHINGTON,**                )
                                       )
         Plaintiff,                    )   JAMES E. WALLACE, JR BBO# 513440
                                       )   KATHRYN E. ABARE BBO# 647594
         v.                            )
                                       )
**SPRINGFIELD COLLEGE,**                )
                                       )
         Defendant.                    )
_____)

### DEFENDANT SPRINGFIELD COLLEGE'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Springfield College ("the College" or "Defendant") answers the Complaint of Plaintiff Patricia Washington ("Washington") as follows:

1.  Defendant states that paragraph 1 of the Complaint contains introductory statements and legal conclusions to which no response is required. To the extent paragraph 1 contains any factual allegations, Defendant denies same.

2.  Defendant states that paragraph 2 of the Complaint contains introductory statements and legal conclusions to which no response is required. To the extent paragraph 2 contains any factual allegations, Defendant denies same.

## JURISDICTION AND VENUE

3.      Defendant states that paragraph 3 of the Complaint contains legal conclusions to which no response is required.  To the extent paragraph 3 contains any factual allegations, Defendant denies same.

4.      Defendant states that paragraph 4 of the Complaint contains legal conclusions to which no response is required.  To the extent paragraph 4 contains any factual allegations, Defendant denies same, except the College admits that it is located in Massachusetts.

## PARTIES

5.      Defendant admits the allegations of paragraph 5 of the Complaint.

6.      Defendant admits the allegations of paragraph 6 of the Complaint.

7.      Defendant admits the allegations of paragraph 7 of the Complaint.

8.      Defendant admits the allegations of paragraph 8 of the Complaint.

9.      Defendant admits the allegations of paragraph 9 of the Complaint.

10.     Defendant states that paragraph 10 of the Complaint contains legal conclusions to which no response is required.  To the extent paragraph 10 contains any factual allegations, Defendant denies same, except the College admits that it employs 15 or more employees.

11.     Defendant states that paragraph 11 of the Complaint contains legal conclusions to which no response is required.  To the extent paragraph 11 contains any factual allegations, Defendant denies same, except the College admits that Washington filed one complaint with the Massachusetts Commission Against Discrimination ("MCAD") on May 15, 2003 ("the First MCAD

Complaint") and another complaint with the MCAD on October 17, 2003 ("the Second Complaint"). The College further states that it received a Dismissal and Notification of Rights in the First Complaint dated March 5, 2004 and a Dismissal and Notification of Rights in the Second Complaint dated March 25, 2004.

12. Defendant admits that Washington was employed by the College in the position of part-time (20 hours per week) Administrative Assistant in the Occupational Therapy Department from July 1, 2002 through September 17, 2003.

13. Defendant denies the allegations of paragraph 13 of the Complaint, except Defendant admits that, as a result of declining enrollments in the Occupational Therapy Department and fluctuating enrollments in other departments, Washington's position was reduced from 35 hours per week to 20 hours per week effective July 1, 2002.

14. Defendant denies the allegations of paragraph 14 of the Complaint, except Defendant admits that the College informed Washington that her position was being reduced from 35 hours per week to 20 hours per week effective July 1, 2002 as a result of declining enrollments in the Occupational Therapy Department and fluctuating enrollments in other departments.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint, except Defendant admits that Washington filed a complaint with the MCAD.

17. Defendant admits the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant admits the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint, except Defendant admits that Mary Dunn, the College's Director of Human Resources, met with Washington and Katherine Post, the College's Occupational Therapy Department Chair, on September 15, 2003 to discuss Washington's reported absence from a staff meeting on September 10, 2003.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant admits the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint. Defendant further states that the College terminated Washington's employment on September 17, 2003 because of continued absenteeism/tardiness after final warning.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

## **COUNT ONE**

28. Defendant repeats and realleges its answers to paragraphs 1 through 27 of the Complaint as set forth above.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

## **COUNT TWO**

31. Defendant repeats and realleges its answers to paragraphs 1 through 30 of the Complaint as set forth above.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails in whole or part to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Any action taken by Defendant toward Plaintiff was for lawful, legitimate, non-discriminatory reasons.

### THIRD SEPARATE DEFENSE

Any action taken by Defendant toward Plaintiff was for lawful, legitimate, non-discriminatory and non-retaliatory reasons, unrelated to Plaintiff's exercise of rights protected by M.G.L. Chapter 151B and Title VII.

### FOURTH SEPARATE DEFENSE

At all times Defendant acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of law, and Defendant would have made the same decisions in the absence of any alleged exercise of rights protected by M.G.L. Chapter 151B and/or Title VII.

### FIFTH SEPARATE DEFENSE

Any action taken by Defendant with respect to Plaintiff was for good cause and/or was based on reasons other than retaliation.

### SIXTH SEPARATE DEFENSE

To the extent the College had any duty or obligations to Plaintiff, the College has performed and satisfied such duty and obligations.

**SEVENTH SEPARATE DEFENSE**

All or parts of Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

**EIGHTH SEPARATE DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**WHEREFORE**, Defendant Springfield College prays that Plaintiff's Complaint be dismissed, that Defendant be awarded its costs and attorneys' fees, and that the Court grant such other and further relief as it deems just and appropriate.

        SPRINGFIELD COLLEGE

        By its attorneys,


        /s/ James E. Wallace, Jr.
        James E. Wallace, Jr., BBO# 513440
        Kathryn E. Abare, BBO# 647594
        Bowditch & Dewey, LLP
        311 Main Street, P.O. Box 15156
        Worcester, MA  01615-0156
        (508) 791-3511

Dated:  October 12, 2004